# EXHIBIT  A

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

MATTHEW M. SETLEY, ESQUIRE
PA ATTORNEY ID NO. 310452
BITLER LAW, P.C.
3115 Main Street
Birdsboro, Pennsylvania 19508                    Attorney for Defendant

| | | |
|---|---|---|
| **C.R., A MINOR, BY AND** | : | **IN THE COURT OF COMMON PLEAS** |
| **THROUGH HIS PARENTS,** | : | **OF BERKS COUNTY, PENNSYLVANIA** |
| **BENJAMIN J. RUSNAK AND** | : | |
| **ASHLEY N. RUSNAK,** | : | |
| **BENJAMIN J. RUSNAK AND** | : | **CIVIL DIVISION** |
| **ASHLEY N. RUSNAK, IN** | : | |
| **THEIR OWN RIGHT,** | : | **No. 24-4015** |
| **Plaintiffs,** | : | |
| | : | |
| | : | **JAMES E. GAVIN, JUDGE** |
| **v.** | : | |
| | : | |
| **WILSON SCHOOL** | : | |
| **DISTRICT,** | : | |
| **Defendant.** | : | |

| **NOTICE TO DEFEND** | **NOTIFICACIÓN PARA DEFENDERSE** |
|---|---|
| **NOTICE** | **AVISO** |

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO**

Le han demandado a usted en el tribunal. Si usted quiere defenderse de las demandas expuestas en las páginas siguientes, usted debe tomar acción en el plazo de veinte (20) días a partir de la fecha en que se le hizo entrega de la demanda y la notificación, al interponer una comparececencia escrita, en persona o por un abogado y registrando por escrito en el tribunal sus defensas o sus objeciones a las demandas en contra de su persona. Se le advierte que si usted no lo hace, el caso puede proceder sin usted y podría dictarse un fallo por el juez en contra suya sin notificación adicional y podría ser por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio en la demanda solicitado por el demandante. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

**NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICESET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**<u>Lawyers' Referral Service of theBerks County Bar Association</u>**
**544 Court Street**
**<u>Reading, Pennsylvania 19601</u>**
**Telephone (610)375-4591**
www.BerksBar.org

**USTED DEBE LLEVARLE ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O NO PUEDE CORRER CON LOS GASTOS DE UNO, VAYA O LLAME POR TELEFONO A LA OFICINA EXPUESTA ABAJO. ESTA OFICINA PUEDE POVEERLE INFORMACION RESPECTO A COMO CONTRATAR A UNABOGADO.**

**SI NO PUEDE CORRER CON LOS GASTOS PARA CONTRATAR A UN ABOGADO, ESTA OFICINA PUDIERA PROVEERLE INFORMACION RESPECTO A INSTITUCIONES QUE PUEDAN OFRECER SERVICIOS LEGALES A PERSONAS QUE CALIFICAN PARA LA REDUCCION DE HONORARIOS O QUE NO TENGAN QUE PAGAR HONORARIOS.**

**<u>Servicio de Recomendación para Contratar Abogadosdel Colegio de Abogados del Condado Berks</u>**
**544 Court Street**
**Reading, Pennsylvania 19601**
**Teléfono (610) 375-4591**
**<u>www.BerksBar.org</u>**

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

MATTHEW M. SETLEY, ESQUIRE
PA ATTORNEY ID NO. 310452
BITLER LAW, P.C.
3115 Main Street
Birdsboro, Pennsylvania 19508                           Attorney for Defendant

| | | |
|---|---|---|
| **C.R., A MINOR, BY AND THROUGH HIS PARENTS, BENJAMIN J. RUSNAK AND ASHLEY N. RUSNAK, BENJAMIN J. RUSNAK AND ASHLEY N. RUSNAK, IN THEIR OWN RIGHT,**<br>                    **Plaintiffs,** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA** <br><br> **CIVIL DIVISION** <br><br> No. 24-4015 <br><br> JAMES E. GAVIN, JUDGE |
| **v.** | : <br> : | |
| **WILSON SCHOOL DISTRICT,**<br>                    **Defendant.** | : <br> : <br> : | |

## COMPLAINT

**AND NOW**, Plaintiffs, C.R., a Minor, by and through his parents, Benjamin J. Rusnak and Ashley N. Rusnak, and Benjamin J. Rusnak and Ashley N. Rusnak, in their own right, by and through their attorneys, Matthew M. Setley and BITLER LAW, P.C., hereby bring forth this action against the Wilson School District, and in support thereof, aver as follows:

## INTRODUCTION

Entering into his eighth-grade year, C.R. could not have known that his last year of middle school would be a nightmare. Trouble seemed to begin for C.R. when his grandmother, Cindy Rusnak, decided to enter the race for a seat on the Wilson School Board. As his grandmother's political leanings became public and known to people in the community, C.R. began to experience strange incidents, at first, that eventually morphed into open harassment from teachers. Moreover, no one in the school took any action to

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

halt the harassment, even when placed on notice by C.R.'s father, Benjamin Rusnak. The harassment became so severe and pervasive as C.R.'s mental health suffered. C.R. became isolated and his schoolwork was impacted negatively. The harassment became so acute that C.R.'s parents had to remove him from the school and enroll him in another school at a hefty expense. Nevertheless, C.R. continues to suffer from the long-term effects of the harassment.

## PARTIES

1. Plaintiff, C.R., is a minor, with a date of birth of January 13, 2009.

2. Plaintiff, Benjamin J. Rusnak is an adult individual and natural father of C.R. who currently resides at 48 West Court Blvd., West Lawn, PA 19609.

3. Plaintiff, Ashley N. Rusnak is an adult individual and natural mother of C.R. who currently resides at 21 Matthew Drive, Sinking Spring, PA 19608.

4. Defendant, Wilson School District is a public school district and political subdivision, organized and authorized under the laws of the Commonwealth of Pennsylvania, with administrative offices located at 2601 Grandview Boulevard, West Lawn, Berks County, Pennsylvania, 19609.

## JURISDICTION AND VENUE

5. Plaintiffs bring this action, in part, pursuant to 42 U.S.C. Sec 1983for violation of C.R.'s civil rights under the United States Constitution and the Pennsylvania Constitution.

6. Jurisdiction over this action is proper in this Court pursuant to 42 Pa.C.S.A. § 931.

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

7.    Venue is proper in this Court because all of the action and/or omissions serving as the basis for this matter occurred in Berks County.

## FACTUAL BACKGROUND

8.    In or about Fall of 2022, Cindy Rusnak ("Cindy"), now-deceased grandmother of C.R., declared her interest in running for a seat on the Wilson School District School Board ("the School Board").

9.    On or about early 2023, Cindy filed papers to enter her candidacy for a position on the School Board.

10.   Prior to her candidacy, Cindy served as the Director of the Berks County Montessori Country Day School for more than thirty years.

11.   As a consequence of her candidacy, Cindy disclosed certain political positions that might be construed as conservative-leaning or "right wing."

12.   In 2022 and 2023, in the lead up to and during the School Board election, C.R. was a student at Wilson West Middle School ("West") and Ben and Ashley's daughter, K.R., attended Whitfield Elementary School, also in the Wilson School District.

*Alleged Vandalism Incident*

13.   In or about Fall of 2022, Plaintiff, Benjamin J. Rusnak ("Ben") received a telephone call from the School Resource Officer ("SRO") with the Sinking Springs Police Department assigned to Whitfield Elementary School, in Wilson School District, indicating that there had been some vandalism that occurred at the school and casting aspersions about C.R. as the possible perpetrator of said vandalism, that allegedly had some racist connotations.

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

14. The next day, after having a conversation with C.R. during which C.R. denied involvement, Ben contacted the SRO and informed him that C.R. denied any involvement.

15. The SRO disclosed to Ben that there were cameras around the alleged vandalism, and that C.R. was seen "in the area," but there was no definitive nexus between C.R. and the alleged vandalism.

16. Ben did not hear anything further regarding the alleged vandalism incident.

*Alleged Cell Phone Incident*

17. In January of 2023, Ben received a telephone call from Vice Principal Steve Rhoads ("Rhoads") regarding allegedly sexual photographs of a female student on C.R.'s cellular phone.

18. Rhoads indicated that C.R.'s cell phone had been confiscated.

19. Ben asked if he needed to come to the school and pick C.R. but Rhoads stated that it was not necessary.

20. After the conversation ended, Ben, feeling uneasy about the conversation, called Rhoads back about ten minutes later asking for more details regarding the allegations and then informed Rhoads that he was coming to the school to pick C.R. up and requested that school officials cease speaking with C.R.

21. When they arrived at home, C.R. informed Ben that he was involved in a group chat where not only did the female student send the photograph to the group chat, but also a photograph of C.R. was distributed to the chat.

22. C.R. informed Ben that he had asked the SRO and school officials to speak with Ben but was denied the ability to do so.

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

23. C.R. also informed Ben that he was forced to surrender his cell phone along with all passwords to his cell phone.

24. The next day, Ben held C.R. home and then Ben went to the school and confronted Rhoads about the seizure of C.R.'s phone, requiring C.R. to provide all of his cell phone passwords, and the denial of C.R. to speak with Ben.

25. Ben likewise questioned Rhoads about why the focus was on C.R. as the target of the investigation.

26. Ben then demanded the return of C.R.'s cell phone.

27. Rhoads called in the SRO who told Ben that the cell phone was being sent for evaluation and that the cell phone could not be returned.

28. Ben demanded the return of the paper upon which the cell phone passwords had been written ("the paper").

29. The SRO made various excuses for why the return of the paper was not possible, or why it would be futile.

30. After insisting on the return of the paper, the SRO contacted his superior officer, who evidently approved the return of the paper.

31. The SRO then opened a desk drawer containing both the cell phone and the paper and returned the paper to Ben.

32. The SRO told Ben that the school operated under different rules that allowed school officials to question C.R. without parental consent or attendance.

33. Later the same day, Ben received a phone call from the SRO informing him that no one involved wanted to press charges and told Ben that he could stop by the school and pick up the phone.

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

34. The next day, Ben visited the school where he produced a plastic bag and had the SRO place the cell phone into the bag and Ben sealed it with staples.

35. Ben heard nothing further regarding the cell phone incident.

36. Following these incidents and during this time, C.R. began to exhibit a noticeable change in behavior and struggling with his mental health.

37. For a short period of time in February of 2023, C.R. was attending Kids Peace for schooling rather than Wilson.

38. C.R. returned to Wilson approximately two weeks later.

39. After attending Kids Peace, C.R. began sessions with a therapist, William Kurtz.

*Harassment from Teachers*

40. After returning to Wilson, approximately in March of 2023, C.R. returned from school crying and informed Ben that kids were making fun of him.

41. C.R. further disclosed that two teachers – Michelle Simotas and Paula Wenger - were making harassing comments to C.R.  in the hallway during breaks between classes.

42. The harassing comments to C.R. included references, by first name, to Cindy, Ben, and Ashley, and threatening to contact them regarding C.R.'s behavior, though no clear violation of school rules or policies was specified.

43. The harassment further included singling C.R. out in the hallway in front of other students for unnecessary corrective comments, again referencing Cindy and C.R.'s parents.

44. At or around the same time, Ben became aware that the teachers harassing C.R. were also subscribers, members, commentors, viewers, and/or participants in an

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

online group in which negative comments were made about Cindy and/or other conservative candidates for the School Board and/or other political positions.

45. At or about the same time, Ben became aware, and personally observed, that the teachers harassing C.R. commented, "liked," or otherwise indicated agreement with negative comments made about Cindy and other conservative candidates for the School Board and/or other political positions in this and other online groups.

46. The comments, "likes," or other demonstration of agreement with negative comments about Cindy and other conservative candidates for the School Board demonstrates the teachers' hostility toward Cindy and other conservative candidates for the School Board and indicates a clear motive for the harassment toward C.R.

47. On March 4, 2023, Ben sent an email to Dr. Christpher Trickett, the superintendent of Wilson School District, the principal of Whitfield, the principal of West, and the guidance counselor at West, Haley Heydt.

48. The email mentioned that Ben was aware of certain teachers making disclosures and comments on social media sites, and that multiple teachers had made comments regarding the candidacy of Cindy and that he felt it inappropriate for any school staff to discuss political matters with students.

49. Ben never received any response to the email.

50. On April 18, 2023, Ben received an email from Ms. Simotas indicating that C.R. was exhibiting behavior issues in class.

51. Ben replied to the email indicating that the behavior Ms. Simotas described was inexcusable and that he would discuss it with C.R.

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

52. Later that evening, Cindy told Ben that C.R. had disclosed the harassing comments, and that Ms. Simotas had harassed and heckled C.R. at a local Wawa store after school one day.

53. Around the same time, Mr. Kurtz spoke to Ben following a session with C.R. and indicated that C.R. had mentioned the harassment he was enduring from the two teachers.

54. Mr. Kurtz told Ben that he was concerned about C.R. because the teachers' actions were disturbing.

55. Ben then sent another email to all of the same recipients and included the teachers and Mr. Kurtz in which Ben directly addressed the harassing comments and the direct effect that the comments were having on C.R.

56. The only response Ben received was from Ms. Heydt who helped in developing a plan for C.R. to avoid attending the class.

57. After some attempts, it was decided that C.R. would spend the Spanish period in Ms. Heydt's office to avoid further issues.

58. Ashley attempted to call West to get answers to the concerns raised in Ben's email but likewise received no response.

59. Approximately two weeks later, Ben learned through Cindy that C.R. was back in Ms. Simotas' Spanish class.

60. With only a few weeks left in the school year, Ben took no further action but did explore transferring C.R. to a new school and visited Berks Catholic High School ("Berks Catholic") because of the effect that the harassment had upon C.R.

61. As a result of the harassment inflicted upon C.R., and the failure of the School District to address the harassment, even after repeated notifications, Ben and

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

Ashley felt they had no choice but to transfer C.R. to Berks Catholic to avoid future harassment.

62. In the process of transferring C.R. to Berks Catholic, Ben received C.R.'s school records, which notably missing was any mention or note regarding any of the problems or allegations experienced throughout the year.

63. As a consequence of the harassment inflicted upon him, C.R. continues to suffer from significant and severe mental health issues.

<u>**COUNT I**</u>
**<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**
*(All Plaintiffs versus Wilson School District)*

64. Plaintiffs incorporate the averments contained in the foregoing paragraphs as if though fully set forth at length herein.

65. Wilson School District, acting within its own authority and by and through its agents, employees, contractors, and representatives, acting intentionally and recklessly in their outrageous conduct and within the scope and authority of their employment or agency, did cause C.R. to suffer severe emotional distress.

66. Wilson School District, acting within its own authority and by and through its agents, employees, contractors, and representatives, all acting within the scope and authority of their employment and agency, failed to correct or to stop the intentional, reckless, outrageous, grossly negligent, and harmful conduct that was directed toward C.R.

67. As a direct and proximate result of Wilson School District's actions and/or omissions, acting within its own authority and by and through its agents, employees, contractors, and representatives, all acting within the scope and

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

authority of their employment and agency, C.R. suffered severe humiliation, mental anguish, and emotional and physical distress.

68. As a further direct and proximate result of Wilson School District's actions and/or omissions, by and through its agents, employees, contractors, and representatives, Ben Rusnak and Ashley Rusnak, as the natural parents of C.R., did suffer financial harm in transferring C.R. to a private school due to the harm caused and

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant for compensatory and punitive damages in excess of Ten Thousand ($10,000) Dollars, as well as costs of litigation and attorney's fees, and all such other relief as this Honorable Court deems reasonable and just.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### *(All Plaintiffs versus Wilson School District)*

69. Plaintiffs incorporate the averments contained int eh foregoing paragraphs as if though fully set forth at length herein.

70. Wilson School District, acting within its own authority and by and through its agents, employees, contractors, and representatives, acting within the scope and authority of their employment and agency, negligently caused C.R. to suffer severe emotional distress.

71. Wilson School District, acting within its own authority and by and through its agents, employees, contractors, and representatives, acting within the scope and authority of their employment and agency failed to correct or to stop the negligent conduct that was directed toward C.R.

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

72. As a direct and proximate result of Wilson School District's actions and/or omissions, by and through its agents, employees, contractors, and representatives, C.R. suffered severe humiliation, mental anguish, and emotional and physical distress.

73. As a further direct and proximate result of Wilson School District's actions and/or omissions, by and through its agents, employees, contractors, and representatives, acting, Ben Rusnak and Ashley Rusnak, as the natural parents of C.R., did suffer financial harm in transferring C.R. to a private school due to the harm caused and ongoing danger and likelihood of future harm.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant for compensatory and punitive damages in excess of Ten Thousand ($10,000) Dollars, as well as costs of litigation and attorney's fees, and all such other relief as this Honorable Court deems reasonable and just.

### COUNT III
### NEGLIGENT FAILURE TO PROTECT
#### *(All Plaintiffs versus Wilson School District)*

74. Plaintiffs incorporate the averments set forth in the foregoing paragraphs as if fully set forth at length herein.

75. Wilson School District had a duty to protect students against harassment by its employees, agents, contractors, and representatives.

76. Wilson School District had a duty to ensure a safe environment for its students to foster learning and engagement free from harassment by its employees, agents, contractors, and representatives.

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

77. Wilson School District, acting within its own authority and by and through its agents, employees, contractors, and representatives, acting within the scope and authority of their employment and agency, knew or should have known that C.R. was the subject of harassment by its agents, employees, contractors, and representatives, and negligently failed to take any reasonable steps or measures to protect C.R. from such undue, harmful, severe, and pervasive harassment.

78. As a direct and proximate result of Wilson School District's negligent failure to protect C.R. from undue, harmful, severe, and pervasive harassment, C.R. suffered severe humiliation, mental anguish, and emotional and physical distress.

79. As a further direct and proximate result of Wilson School District's actions and/or omissions, by and through its agents, employees, contractors, and representatives, Ben Rusnak and Ashley Rusnak, as the natural parents of C.R., suffered financial harm in transferring C.R. to a private school due to the harm caused and ongoing danger and likelihood of future harm.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant for compensatory and punitive damages in excess of Fifty Thousand ($50,000) Dollars, as well as costs of litigation and attorney's fees, and all such other relief as this Honorable Court deems reasonable and just.

<u>**COUNT IV**</u>
<u>**NEGLIGENT FAILURE TO SUPERVISE**</u>
<u>*(All Plaintiffs versus Wilson School District)*</u>

80. Plaintiffs incorporate the averments presented in the foregoing paragraphs as if fully set forth at length herein.

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

81. Wilson School District had a duty to ensure that adequately and properly supervise its employees, agents, contractors, and representatives so as to avoid undue, harmful, severe, and pervasive harassment by its employees, agents, contractors, and representatives against the students attending the schools within the Wilson School District.

82. Wilson School District, by and through its employees, agents, contractors, and representatives, knew or should have known that C.R. was subject to and experiencing undue, harmful, severe, and pervasive harassment, effected and performed by its employees, agents, contractors, and representatives.

83. Wilson School District, by and through its employees, agents, contractors, and representatives, acting within the scope and authority of their employment and agency, failed to adequately and properly supervise its employees, agents, contractors, and representatives so as to avoid the undue, harmful, severe, and pervasive harassment suffered by C.R.

84. Wilson School District, by and through its employees, agents, contractors, and representatives, acting within the scope and authority of their employment and agency, failed to act, address, correct, or remedy such undue, harmful, severe, and pervasive harassment suffered by C.R.

85. As a direct and proximate result of Wilson School District's negligent failure to protect C.R. from undue, harmful, severe, and pervasive harassment, C.R. suffered severe humiliation, mental anguish, and emotional and physical distress.

86. As a further direct and proximate result of Wilson School District's actions and/or omissions, by and through its agents, employees, contractors, and

13

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

representatives, Ben Rusnak and Ashley Rusnak, as the natural parents of C.R., did suffer financial harm in transferring C.R. to a private school due to the harm caused and ongoing danger and likelihood of future harm.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant for compensatory and punitive damages in excess of Fifty Thousand ($50,000) Dollars, as well as costs of litigation and attorney's fees, and all such other relief as this Honorable Court deems reasonable and just.

<u>**COUNT V**</u>
<u>**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**</u>
*(C.R. versus Wilson School District)*

87. Plaintiffs incorporate the averments presented in the foregoing paragraphs as if fully set forth at length herein.

88. At all times relevant herein, C.R. was a citizen of the United States of America and, as such, protected under the rights enumerated in the United States Constitution and the Bill of Rights ratified thereto.

89. Wilson School District, acting within its own authority and by and through its agents, employees, contractors, and representatives, acting as agents for and directed by law enforcement, and later ratified by law enforcement, conducted an unlawful search of C.R.'s cell phone, without probable cause or due process of law, in violation of C.R.'s rights under the Fourth Amendment to the United States Constitution to be free from unreasonable search and seizure.

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

90. As a direct and proximate result of Wilson School District's violations of C.R.'s constitutional rights, C.R. did suffer severe emotional distress, humiliation, loss of privacy, and mental anguish.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant for compensatory and punitive damages in excess of Fifty Thousand ($50,000) Dollars, as well as costs of litigation and attorney's fees, and all such other relief as this Honorable Court deems reasonable and just.

**COUNT VI**
**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE ARTICLE I, § 8 OF THE PENNSYLVANIA CONSTITUTION**

*(C.R. versus Wilson School District)*

91. Plaintiffs incorporate the averments presented in the foregoing paragraphs as if fully set forth at length herein.

92. At all times relevant herein, C.R. was a citizen of the Commonwealth of Pennsylvania and, as such, protected under the rights guaranteed under the Pennsylvania Constitution.

93. Wilson School District, acting under color of law, within its own authority and by and through its agents, employees, contractors, and representatives, acting as agents for and directed by law enforcement, and later ratified by law enforcement, conducted an unlawful search of C.R.'s cell phone, without probable cause or due process of law, in violation of C.R.'s rights under the Fourth Amendment to the United States Constitution to be free from unreasonable search and seizure.

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

94. As a direct and proximate result of Wilson School District's violations of C.R.'s constitutional rights, C.R. did suffer severe emotional distress, humiliation, loss of privacy, and mental anguish.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant for compensatory and punitive damages in excess of Fifty Thousand ($50,000) Dollars, as well as costs of litigation and attorney's fees, and all such other relief as this Honorable Court deems reasonable and just.

## COUNT VII
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION
*(C.R. versus Wilson School District)*

95.  Plaintiffs incorporate the averments presented in the foregoing paragraphs as if fully set forth at length herein.

96. At all times relevant herein, C.R. was a citizen of the United States of America and, as such, protected under the rights enumerated in the United States Constitution and the Bill of Rights ratified thereto.

97. Wilson School District, acting within its own authority and by and through its agents, employees, contractors, and representatives, acting as agents for and directed by law enforcement, and later ratified by law enforcement, conducted an unlawful interrogation of C.R., even after C.R., a minor, requested that that his parent be present, in violation of C.R.'s constitutional right under the Fifth Amendment to the United States Constitution to be silent, free from inducement of self-incrimination, or to be deprived of his liberty without due process of law.

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

98. As a direct and proximate result of Wilson School District's violations of C.R.'s constitutional rights, C.R. did suffer severe emotional distress, humiliation, loss of privacy, and mental anguish.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant for compensatory and punitive damages in excess of Fifty Thousand ($50,000) Dollars, as well as costs of litigation and attorney's fees, and all such other relief as this Honorable Court deems reasonable and just.

## <u>COUNT VIII</u>
## <u>VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE ARTICLE I, § 8 OF THE PENNSYLVANIA CONSTITUTION</u>

*(C.R. versus Wilson School District)*

99. Plaintiffs incorporate the averments presented in the foregoing paragraphs as if fully set forth at length herein.

100. At all times relevant herein, C.R. was a citizen of the United States of America and Commonwealth of Pennsylvania and, as such, protected under the rights guaranteed by the Pennsylvania Constitution.

101. Wilson School District, acting under color of law, within its own authority and by and through its agents, employees, contractors, and representatives, acting as agents for and directed by law enforcement, and later ratified by law enforcement, conducted an unlawful search of C.R.'s cell phone, without probable cause or due process of law, in violation of C.R.'s rights under the Fourth Amendment to the United States Constitution to be free from unreasonable search and seizure.

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

102. As a direct and proximate result of Wilson School District's violations of C.R.'s constitutional rights, C.R. did suffer severe emotional distress, humiliation, loss of privacy, and mental anguish.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant for compensatory and punitive damages in excess of Fifty Thousand ($50,000) Dollars, as well as costs of litigation and attorney's fees, and all such other relief as this Honorable Court deems reasonable and just.

<u>**COUNT IX**</u>
<u>**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE FIRST AND**</u>
<u>**FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**</u>
*(C.R. versus Wilson School District)*

1. Plaintiffs incorporate the averments presented in the foregoing paragraphs as if fully set forth at length herein.

2. At all times relevant herein, C.R. was a citizen of the United States of America and as such, protected under the rights enumerated in the United States Constitution and the Bill of Rights ratified thereto.

3. Wilson School District, acting under color of law, within its own authority and by and through its agents, employees, contractors, and representatives, imputed certain political speech and/or expression onto C.R.

4. Wilson School District, acting under color of law, within its own authority and by and through its agents, employees, contractors, and representatives, acted against C.R. in disagreement with the viewpoint held by Cindy, as imputed to C.R.

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

5. Wilson School District, acting under color of law, within its own authority, and by and through its agents, employees, contractors, and representatives, demonstrated unlawful viewpoint discrimination.

6. As a direct and proximate result of Wilson School District's violations of C.R.'s constitutional rights, C.R. did suffer severe emotional distress, humiliation, loss of privacy, and mental anguish.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant for compensatory and punitive damages in excess of Fifty Thousand ($50,000) Dollars, as well as costs of litigation and attorney's fees, and all such other relief as this Honorable Court deems reasonable and just.

Respectfully Submitted,

/s/ Matthew M. Setley
Matthew S. Setley, Esquire
PA Attorney ID No. 310452
BITLER LAW, P.C.
3115 Main Street
Birdsboro, Pennsylvania 19508

Dated: October 6, 2025

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

## VERIFICATION

I, Benjamin J. Rusnak, verify that the facts contained in the foregoing pleading are true and correct to the best of my knowledge, information, and belief. I understand that false statements made herein are subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: ___10/6/25___        _____

20

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

**<u>CERTIFIFCATE OF COMPLIANCE</u>**

I certify that this filing complies with the provisions of the *Public Access of the Unified Judicial Systems of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing of confidential information and documents differently than non-confidential information and documents.

/s/ Matthew M. Setley
Matthew M. Setley, Esquire
Attorney ID No. 309183

Received County of Berks Prothonotary's Office on 10/10/2025 4:38 PM Prothonotary Docket No. 24-04015

**CERTIFICATE OF SERVICE**

I, Matthew M. Setley, Esquire, certify that on the 6th day of October 2025, a true and correct copy of Defendants' Answer and New Matter to Plaintiffs' Complaint was served on counsel of record below via Court's electronic filing notification.  Copies of the foregoing document have been sent via First-Class U.S. Mail as follows:

Wilson School District
2601 Grandview Blvd.
West Lawn, PA 19609

John J. Miravich, Esq.
Fox Rothschild
747 Constitution Drive
Suite 100
Exton, PA 19341

/s/ Matthew M. Setley
Matthew M. Setley, Esquire
Attorney ID No. 309183

22